UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, | * * * |
| Petitioner, | * * |
| v. | * Civil Action No. 15-cv-10262-IT * |
| JOHN P. PUCCIO, | * * |
| Respondent. | * |

MEMORANDUM & ORDER

June 4, 2015

TALWANI, D.J.

Ace American Insurance Company ("Ace American") drafted an insurance agreement that includes a broad arbitration clause. After a dispute arose over payment of a claim under the agreement, Respondent John Puccio ("Puccio") initiated arbitration proceedings. The arbitrator found in favor of Puccio. Dissatisfied with this result, Ace American now seeks to have this court vacate or modify the award. Because the arbitrator did not exceed her power in crafting the award, the court DENIES Ace American's Petition to Vacate Arbitration Award [#5] and ALLOWS Puccio's Cross-Motion to Confirm Arbitration Award [#15].

I.   Facts

In late 2011, Ace American entered into an agreement with Puccio to insure his thirteen-year-old boat. See Aff. Terence G. Kenneally, Esq. Supp. Pet. Vacate Arbitration Award, Ex. A at 2 [#3-1] [hereinafter "Insurance Agreement"]. In September 2012, after severe weather in the area where the boat was docked, the boat sank. See Pet'r's Mem. Supp. Mot. Vacate Arb. Award ¶ 10 [#6] [hereinafter "Pet'r's Mem."]; Mem. Law Supp. Cross-Mot. Opp'n Pet'r's Mot.

Vacate Arbitration Award & Confirm Award, 1 [#16] [hereinafter "Resp't's Mem."] (stipulating to facts as presented in Petitioner's memorandum). Puccio filed a claim to recover his loss under the Insurance Agreement. Pet'r's Mem. ¶¶ 12-13. After sending a marine surveyor to investigate the cause of the sinking, Ace American denied coverage. Id. ¶¶ 14-15, 22.

In January 2013, Puccio sent Ace American a demand letter pursuant to Mass. Gen. Laws ch. 93A ("Chapter 93A"), which stated that Ace American's denial of his insurance claim violated Mass. Gen. Laws ch. 176D, § 3 (requiring insurers to "effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear"). See Pet'r's Mem. ¶ 23. In February 2013, Ace American responded, reiterating its decision not to pay Puccio's claim and directing Puccio to arbitration as a "suitable method to resolve this matter." Id. ¶ 25.

The Insurance Agreement's arbitration clause provides that:

> Any controversy or claim, whether based in contract, tort, statute or other legal or equitable theory (including but not limited to any claim of fraud, misrepresentation or fraudulent inducement, arising out of or related to this policy, the interpretation, enforcement, or breach thereof, or the handling of any claim involving this policy, shall be referred to and settled by arbitration.

Insurance Agreement at 22. On May 29, 2013, Puccio initiated arbitration under this clause. See Aff. Terence G. Kenneally, Esq. Supp. Pet. Vacate Arbitration Award, Ex. F at 1 [#3-6] [hereinafter "Arbitration Request"]. The dispute submitted to arbitration was "[t]he failure of business [to] pay on claim [of] loss of pleasure vessel as a result of storm." Id. at 2. Puccio's request for arbitration sought $50,000 under the Insurance Agreement and "[d]ouble or treble damages and attorney's fees as provided by Massachusetts law." Id.

After three days of hearings, the arbitrator issued an award in favor of Puccio for $48,000. See Pet'r's Mem. ¶¶ 27, 30; Aff. Paul M. Sushchyk, Esq. Supp. Cross-Mot. Resp't

Oppose Pet'r's Mot. Vacate Arbitration Award & Confirm Final Award Arbitrator, Ex. 6 [#15-6] [hereinafter "Final Award"]. Pursuant to Chapter 93A, the arbitrator also awarded Puccio $51,529.02 in attorney's fees and costs. Final Award at 11.

II. Discussion

    A.    *Ace American's Request to Vacate or Modify the Arbitration Award*

Under the Federal Arbitration Act, a court may vacate an arbitration award only in limited circumstances. As relevant here, the court has authority to vacate an award if "the arbitrators exceeded their powers" in crafting the award. 9 U.S.C. § 10(a)(4). This exception, however, is a narrow one: "[o]nly if 'the arbitrator act[s] outside the scope of his contractually delegated authority' . . . may a court overturn his determination." See Oxford Health Plans LLC v. Sutter, 133 S. Ct. 2064, 2068 (2013) (second alteration in original) (quoting E. Associated Coal Corp. v. United Mine Workers of Am., Dist. 17, 531 U.S. 57, 62 (2000)). A court may also modify or correct an award "where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted." 9 U.S.C. § 11(b). Any award that is not vacated or modified must be confirmed. Id. § 9.

Ace American argues that the arbitrator exceeded her authority by failing to apply "the clear and unambiguous wear and tear provision" of the insurance agreement. Pet'r's Mem. at 19.[1] According to Ace American, the arbitrator was tasked only with determining whether Ace American's reliance on this coverage exclusion was proper. Id. Ace American complains that the arbitrator did not expressly determine the cause of the boat's sinking or whether the wear-

---

[1] The insurance agreement states that coverage for Property Damage is excluded for "any loss or resulting damage from . . . wear and tear, gradual deterioration, weathering, neglect, lack of reasonable care or due diligence in the maintenance of the Insured Vessel." Insurance Agreement at 15.

3

and-tear exclusion applied. Rather, she concluded that even if wear and tear contributed to the boat's sinking, Ace American "could not possibly have assumed that a 1998 boat was in new condition when it insured the [boat] . . . for 2012." Final Award at 9. Accordingly, she reasoned that "[i]f the 'wear and tear' exclusion were enforceable in this case, [Ace American] could comfortably insure boats beyond a certain age without an expectation of ever having to pay. Id. Stating that "this would border on fraud," she concluded that the wear-and-tear provision could not exclude coverage of Puccio's claim. Id. The arbitrator further found that Ace American's reliance on the wear-and-tear provision to deny coverage violated Mass. Gen. Laws ch. 176D and amounted to an unfair and deceptive business practice under Chapter 93A. Id. at 10. According to Ace American, the arbitrator thus exceed her powers by resolving the parties' dispute on equitable grounds never submitted to her. Pet'r's Mem. at 19-20.

Ace American's argument ignores the language of the arbitration provision in the insurance agreement, which provides the arbitrator the authority to resolve "[a]ny controversy or claim . . . based in [any] . . . legal or equitable theory . . . arising out of or related to this policy, the interpretation, enforcement, or breach thereof, or the handling of any claim involving this policy." See Insurance Agreement at 22. This arbitration provision does not limit the arbitrator's power to consider equitable grounds in interpreting the contract. Cf. N. New Eng. Tel. Operations LLC v. Local 2327, Int'l Bhd. of Elec. Workers, AFL-CIO, 735 F.3d 15, 21 (1st Cir. 2013) (considering an arbitration provision that expressly required the arbitrator not to "'add to, subtract from, modify or disregard any of the provisions of this agreement'").

In addition, the dispute submitted to the arbitrator was not, as Ace American argues, limited to a question of whether the express language of the wear-and-tear provision excluded coverage of Puccio's claim. Rather, the parties submitted the question of whether or not "[t]he

4

failure of business [to] pay on claim [of] loss of pleasure vessel as a result of storm" was warranted. See Arbitration Request at 2. Again, nothing in the arbitration agreement or the language of the parties' submission precludes the arbitrator's consideration of equitable grounds in resolving this dispute.

Moreover, the arbitrator's decision not to apply the wear-and-tear exclusion was, at least arguably, an act of interpreting the contract. See Oxford Health Plans, 133 S. Ct. at 2068. The arbitrator plausibly could have reached her decision by determining that the wear-and-tear exclusion could not be read literally, as such a reading would render the contract unenforceable. See Mass. Gen. Laws ch. 106, § 2-302 ("If the court as a matter of law finds the contract or any clause of the contract to have been unconscionable at the time it was made[,] the court . . . may so limit the application of any unconscionable clause as to avoid any unconscionable result."). The reasonableness or correctness of the arbitrator's interpretation is not before the court. It is enough that arbitrator's act was even arguably one of interpretation. See Oxford Health Plans, 133 S. Ct. at 2068.[2]

As to the arbitrator's award of attorney's fees pursuant to Chapter 93A, the arbitration agreement allowed for submission to arbitration of "[a]ny controversy or claim [including one] based in . . . statute . . . arising out of or related to this policy." Here, the request for arbitration raised the issue of "[d]ouble or treble damages and attorney's fees as provided by Massachusetts law." Id. This sufficed to place the demand for attorney's fees under Chapter 93A before the arbitrator.

---

[2] For the same reason, even presuming that manifest disregard of law remains a valid ground on which an arbitration agreement governed by the Federal Arbitration Act may be vacated, the court would not find vacatur appropriate here. See Raymond James Fin. Servs., Inc. v. Fenyk, 780 F.3d 59, 65-68 (1st Cir. 2015).

Accordingly, the court finds that vacatur or modification of the arbitration award is unwarranted.

B.   *Puccio's Request to Remand for an Award of Attorney's Fees*

Puccio requests that the court remand this case to the arbitrator with directions to make an additional award of attorney's fees.  See Resp't's Mem. at 22.  Puccio identifies no authority that would give a private arbitrator such jurisdiction following the issuance of a final award.  A private arbitrator does not sit to receive mandates from this court like a trial court might from an appellate tribunal.  Accordingly, Puccio's request to remand this arbitration is denied.[3]

III.   Conclusion

For the foregoing reasons, Ace American's Petition to Vacate Arbitration Award [#5] is DENIED, and Puccio's Cross-Motion to Confirm Arbitration Award [#15] is ALLOWED.

IT IS SO ORDERED.

June 4, 2015                                                                    /s/ Indira Talwani
                                                                                United States District Judge

---

[3] Although the court has authority to award such fees directly in an appropriate case, see Janney Montgomery Scott LLC v. Tobin, 571 F.3d 162, 165-66 (1st Cir. 2009) (allowing a district court to award fees after upholding an arbitration award involving Chapter 93A), Puccio's request did not seek such a direct order. If Puccio seeks such an award post-judgment pursuant to Federal Rule of Civil Procedure 54(d)(2), any motion filed shall be accompanied by a certificate of good faith consultation pursuant to Local Rule 7.1.